TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-202 |
| | : | |
| of | : | MAY 14, 1986 |
| | : | |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____


THE HONORABLE JEFFREY TUTTLE, COUNTY COUNSEL, CALAVERAS COUNTY, has requested an opinion on the following question:

Must a release of a mechanic's lien be acknowledged before it qualifies for recording by the county recorder?

CONCLUSION

A release of a mechanic's lien must be acknowledged before it qualifies for recording by the county recorder.

ANALYSIS

Article XIV, section 3 of the California Constitution provides:

1

"Mechanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

To implement this constitutional provision, the Legislature has enacted what is commonly known as the mechanics' lien law, now found in sections 3082 through 3267 of the Civil Code.

The question presented for resolution is whether a release of a mechanic's lien, previously perfected through the filing of a claim of lien with the county recorder, must be acknowledged before it may qualify for recording by that officer.

The issue arises by virtue of the amendment to section 3084 of the Civil Code in 1981. (Stats. 1981, ch. 321, § 1, p. 1460). That section provides for the content of a "claim of lien" in subdivision (a). Subdivision (b), which was added in 1981, provides the focus for this opinion. It provides that a claim of lien, otherwise in proper form, "shall be accepted by the recorder for recording and shall be deemed duly recorded *without acknowledgment*." (Emphasis added.)[1]

An acknowledgment is a method used to prove or authenticate the execution of an instrument. It is accomplished by a declaration to a public officer by the person executing the instrument that he or she executed the same or by submitting proof to the public officer that the instrument was duly executed. The public officer then

---

[1] Section 3084 of the Civil Code provides in full:

"3084.  (a) 'Claim of lien' means a written statement, signed and verified by the claimant or by the claimant's agent, containing all of the following:

(1)  A statement of the claimant's demand after deducting all just credits and offsets.

(2)  The name of the owner or reputed owner, if known.

(3)  A general statement of the kind of labor, services, equipment, or materials furnished by the claimant.

(4)  The name of the person by whom the claimant was employed or to whom the claimant furnished the labor, services, equipment, or materials.

(5)  A description of the site sufficient for identification.

(b)  A claim of lien in otherwise proper form, verified and containing the information required by this section shall be accepted by the recorder for recording and shall be deemed duly recorded without acknowledgment."

2

affixes to the instrument a certificate of acknowledgment reciting such facts.  Civil Code section 1185 provides:

> "The acknowledgment of an instrument must not be taken, unless the officer taking it knows or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in and who executed the instrument; or, if executed by a corporation, that the person making such acknowledgment is the president or secretary of such corporation, or other person who executed it on its behalf."

Civil Code section 1189 provides that the form of a certificate of acknowledgment of an instrument executed by an individual must be substantially in the following form:

> "State of _____ )
> ) ss.
> "County of _____ )
>
> "On this _____ day of _____, in year _____, before me (here insert name and quality of the officer), personally appeared _____, known to me (or proved to me on the oath of _____) to be the person whose name is subscribed to the within instrument, and acknowledged that he (she or they) executed the same."

Civil Code section 1193 then requires that the officers taking an acknowledgment authenticate their certificates by affixing their signatures, followed by the names of their offices and also their seals of office if they are required to have official seals.  Civil Code section 1200 adds:

> "An officer taking proof of the execution of any instrument must, in his certificate indorsed thereon or attached thereto, set forth all the matters required by law to be done or known by him, or proved before him on the proceeding, together with the names of all the witnesses examined before him, their places of residence respectively, and the substance of their testimony."

Civil Code section 1213 then provides in part:

3

"Every conveyance (defined in Civil Code section 1215 to include every instrument in writing creating, transferring or incumbering an interest in real property or which affects title to real property) of real property acknowledged or proved and certified and recorded as prescribed by law from the time it is filed with the recorder for record is constructive notice of the contents thereof to subsequent purchases and mortgagees; . . . ."

The purpose of the addition of subdivision (b) to section 3084 was clearly expressed in the Legislative Counsel's Digest with respect to Assembly Bill 2107, 1981 Legislature. It stated:

"Existing law requires the execution of a claim of lien and a notice of completion under the mechanics' lien provisions of law to be acknowledged before either may be recorded. Existing law also requires a claim of lien and a notice of completion under the mechanics' lien provisions of law to be verified.

"This bill would provide that a claim of a mechanics' lien and a notice of completion which is verified, without acknowledgment, shall be accepted for recording and shall be deemed duly recorded without acknowledgment."

In short, the purpose of the bill was, *inter alia*, to do away with any requirement that a "claim of lien" be acknowledged before it qualifies for recording by the county recorder.[2]

---

[2] There apparently was no definitive case law with respect to the "existing law." Secondary sources indicate that the practice was to permit a "claim of lien" to be recorded without a formal acknowledgment. (See Marsh, California Mechanics' Lien Law Handbook (3d ed. 1979) § 4.44; California Mechanics' Liens (Cont. Ed. Bar 1972) § 3.22.)

In his 1984 Cumulative Supplement, Marsh discusses the pre-1981 law as follows at section 4.44:

"Civil Code section 3084 states specifically that 'claim of lien' means a written statement, signed and *verified* by the claimant or by his agent, containing all of the required elements (see text section 4.44 for further discussion). It is therefore mandatory that the claim of lien be *verified*. (Section 4.56 *Form for Verification*.)

"As stated by the court in *Favello* v. *Bank of America Etc. Assn.* 24 Cal.App.2d 342, at page 347: 'An acknowledgement cannot take the place of a verification, but there is no reason why verification, if it contains the necessary information, may not act as an acknowledgment.' Whether for that reason, or because a notice and claim of lien is not an 'instrument', but is in the nature of a unilateral notice, somewhat akin to a notice of default (See *Hoag* v. *Howard* (1880) 55 Cal. 564),

4

The effect of the 1981 amendment to Civil Code section 3084 was to remove the requirement of acknowledgment to the recording of a claim of lien under the mechanics lien law. This reflects a legislative judgment that verification of such a claim of lien provides sufficient proof of its authenticity and that an acknowledgment was therefore unnecessary. A verification is a sworn statement by the claimant that the matters stated in the claim are true of the claimant's own knowledge. Under section 2015.5 of the Code of Civil Procedure, a claimant may verify his claim of lien by signing and dating a certificate under penalty of perjury in the statutory form without taking it before a public officer. Thus, by eliminating the need for the claimant to appear before a public officer to prepare a claim of lien entitled to be recorded, the 1981 amendment to Civil Code section 3084 has provided a faster and more efficient method for workmen to file their claims of lien thus carrying out the constitutional mandate to "provide, by law, for the speedy and efficient enforcement of such liens."

In 1981, however, no similar amendment was made to the mechanics' lien law or any other statute with respect to whether a *release* of a mechanic's lien must be acknowledged before it may be recorded. The suggestion has been made, however, that the legislative intent to change the law with respect to the filing of a "claim of lien" may have also effected a change in the law with respect to any acknowledgment requirement for filing a release of such lien. However, after examining the pertinent statutes, we find no such legislative intent in the law.

Prior to 1981, the mechanics' lien law itself contained no requirement that a claim of lien be acknowledged before it could be recorded. Nor did the mechanics' lien law either then *or now* contain an acknowledgment requirement for filing a release of a mechanic's lien. In fact, the mechanics' lien law did not nor does not specifically provide for a document to be known as a release of mechanic's lien, although section 3154, subdivision (b)(4), of the Civil Code refers to the possibility of such a release.[3]

---

or whether for some other reasons which this author may never know, it remains the established fact that for at least 40 years, in our experience, county recorders have customarily recorded properly verified mechanics' liens without requiring any formal notarial acknowledgment in addition to the required formal verification." (Emphasis in original.)

[3] That section provides for an action by the property owner to secure a court decree to release his property from a lien after the expiration of the time for enforcement of the lien.

A required allegation by the petitioner is "(4) That the lien claimant is unable or unwilling to execute a release of the lien or cannot with reasonable diligence be found."

The enforcement period for the lien is set forth in section 3144 of the Civil Code, usually a ninety day period. Interestingly, in 1984, that section was amended by adding subdivision (b)

5

Accordingly, as to these matters, more general laws must be examined.

This brings us to a discussion of the "recording laws", sections 27280 through 27297.5 of the Government Code. This is so since it is those laws which determine which documents entitled to be recorded thereunder must be acknowledged. And in 67 Ops.Cal.Atty.Gen. 93, 97 (1984) we again concluded that a county recorder must ensure that a document complies with the requirements of section 27280 through 27296 of the Government Code "before accepting it for record."

Section 27280 et seq. of the Government Code contains the general provisions of law with respect to recording instruments by the county recorder. Section 27280 provides:

"(a) Any instrument or judgment affecting the title to or possession of real property may be recorded pursuant to this chapter. . . ."

A "claim of lien" appears to be such an instrument. This has been evidenced by the Legislature in a number of ways. In the 1981 amendment to section 27287 of the Government Code, the Legislature contemporaneously with the amendment to section 3084 of the Civil Code, *supra*, and in the same bill, amended section 27287 of the Government Code to read as follows:

"27287. Unless it belongs to the class provided for in either Sections 27282 to 27286, inclusive, or Sections 1202 or 1203, of the Civil Code, or is a fictitious mortgage or deed of trust as provided in Sections 2952, or 2693, of the Civil Code, or is a fictitious oil and gas lease as provided in Section 1219 of the Civil Code, *or is a claim of lien, as provided in Section 3084 of the Civil Code*, or a notice of completion, as provided in Section 3093 of the Civil Code, before an instrument can be recorded its execution shall be acknowledged by the person executing it, or if executed by a corporation, by its president or secretary or other person executing it on behalf of the corporation, or proved by subscribing witness or as provided

---

thereto (Stats. 1984, ch. 871) to read that "(b) If the claimant fails to commence an action to foreclose the lien within the time limitation provided in this section, the lien automatically shall be null and void and of no further force and effect." Prior thereto, the time limitations acted merely as statutes of limitations.

It would thus appear that the 1984 amendment has diminished the need for such releases, at least after the statutory periods set forth in section 3144 of the Civil Code have expired.

in Sections 1198 and 1199 of the Civil Code, and the acknowledgment or proof certified as prescribed by law." (Emphasis added.)

Furthermore, prior to its amendment in 1980 (Stats. 1980, ch. 458) section 27296 of the Government Code (and thus part of the "recording laws") required the county recorder to include in his monthly statistical report of documents to be recorded, "Mechanics' Liens."

Since a claim of a mechanic's lien is an instrument which affects the title to real property, a release of a mechanic's lien would, *a fortiori*, also be such an instrument. Accordingly, since none of the exceptions expressed in section 27287 of the Government Code refer to such a release of lien, the law appears to have required, *and appears to still require*, that such a release be acknowledged before it may qualify for recording.[4]

We are aware of no theory from which we could properly conclude that the Legislature, in excepting claims of mechanics' liens from an acknowledgment requirement, also meant to except releases of such liens from the same requirement. We presume that this suggestion arises from a belief that the Legislature could not have intended that a release of lien must be executed more formally than the claim itself, an argument analogous to the "equal dignities rule" in reverse.

However we do not share such belief. In our view, to so conclude would be pure speculation. In 1981, when the Legislature amended section 3084 of the Civil Code and section 27287 of the Government Code, it certainly was aware of the fact that releases of mechanics' lien were executed by claimants and were acknowledged by them as a condition to recording. Had the Legislature intended to change the law in this regard, it could have done so. If it desires to do so, it still may do so.

---

[4] That a release of mechanics' lien, *duly acknowledged*, has been executed *and recorded* by mechanics' lien claimants over the years is clear from an examination of basic authorities in California. (See Marsh, California Mechanics' Lien Law Handbook (2d.ed. 1972 and 3d.ed. 1979), §§ 4.147, 4.148, 8.16, 8.17; Matthew Bender, Cal. Forms of Plead. and Prac., Vol. 10B (1986) Mechanics' Liens, Forms 28 and 29.) Although the law itself does not refer to such specific releases *per se*, these releases are apparently executed pursuant to the general provisions of section 1541 of the Civil Code on "releases". Such releases, executed after a "claim of lien" has been filed, are apparently to be distinguished from those set forth in section 3262 of the Civil Code, that is, "waiver and releases" which are executed at the time of payment.

Also, *Marsh* states in section 4.147 that a claimant who has been paid "has a duty to remove the cloud on the title to the owner's property."

In short, we cannot change or amend the clear requirement of section 27287 of the Government Code based upon pure speculation as to what the Legislature *might* desire the law to be. Unless a statute is contrary to the manifest intent of the Legislature or produces absurd results, it is to be applied according to its clear terms. In our case, it is that section 27287 of the Government Code, with certain inapplicable exceptions herein, requires that all instruments affecting title to real property be acknowledged as a condition to being recorded. We see no absurdity in such a requirement. Different policy considerations could arise concerning the need for proof of due execution of a release of lien than for the filing of a claim of such lien.

> "[W]hen the Legislature has stated the purpose of its enactment in unmistakable terms, we must apply the enactment in accordance with the legislative direction, and all other rules of construction must fall by the wayside. Speculation and reasoning as to legislative purpose must give way to expressed legislative purpose." (*Milligan* v. *City of Laguna Beach* (1983) 34 cAL.3D 829, 831.)

Accordingly, we conclude that a release of a mechanic's lien must be acknowledged before it qualifies for recording by the county recorder.

*****